1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   REBIO TOWNSEND,                         No.  2:15-cv-1878 KJN P

12                 Petitioner,

13        v.                                 ORDER

14   PEOPLE OF THE STATE OF
     CALIFORNIA,[1]
15
                      Respondent.
16

17          Petitioner, a civil detainee proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  Petitioner consented to proceed before the undersigned for all

20   purposes.  See 28 U.S.C. § 636(c).

21          Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford

22   the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is granted.  See

23   28 U.S.C. § 1915(a).

24          Petitioner challenges his involuntary commitment to California's state hospital system

25   pursuant to California's Mentally Disordered Offender ("MDO") law, Cal. Penal Code §§ 2970 et

26   _____

27   [1] As petitioner is currently housed at Coalinga State Hospital, his present custodian is Audrey
     King, the facility's Acting Executive Director.  Accordingly, Ms. King will be ordered substituted
     in place of "People of the State of California" as the respondent in this matter.  See Brittingham v.
28   United States, 982 F.2d 378, 379 (9th Cir. 1992).

                                              1

1   seq.[2]

2        Petitioner previously applied to this court for a writ of habeas corpus challenging a term of

3   civil commitment that began in 2011.  See Townsend v. King, No. 2:13-cv-00859-GEB-GGH,

4   2014 WL 2197553 (E.D. Cal. May 27, 2014) (dismissing petitioner's federal habeas petition in

5   part and summarily denying the remaining claims).   Nonetheless, it appears that this prior

6   application for habeas relief will not bar the instant petition as second or successive under 28

7   U.S.C. § 2244(b)(3).  A civil commitment pursuant to the MDO law lasts for a term of one year,

8   and recommitment requires a further judicial proceeding.  Cal. Penal Code § 2972(e).  Further, a

9   detainee may be released early from a term of commitment "if the committing court finds that

10  there is reasonable cause to believe that the committed person can be safely and effectively

11  treated on an outpatient basis."  Cal. Penal Code § 2972(d).  A detainee is entitled to the

12  protections of the U.S. Constitution and any applicable federal law during state court proceedings

13  concerning recommitment and/or consideration for early release.  Moreover, as claims

14  challenging petitioner's most recent recommitment or denial of early release could not have been

15  "presented in a prior application [challenging a prior commitment or denial of early release]," 28

16  U.S.C. § 2244(b)(1), it follows that such later-arising claims should not be dismissed as a matter

17  of law as second or successive.  Accord Seeboth v. Mayberg, No. 2:10–cv–2875-MCE-TJB, 2012

18  WL 2571191 at *4 (E.D. Cal. Jul. 2, 2012) (dismissing claims in federal habeas petition as second

19  or successive to the extent that these claims arose from a previously-challenged civil

20  commitment, but allowing petitioner to proceed on claims arising from a later recommitment).

21  See also Hubbart v. Knapp, 379 F.3d 773, 778 (9th Cir. 2004) (holding that a challenge to

22  commitment under California's Sexually Violent Predator Act does not automatically become

23

---

24  [2] Under the MDO law, a state prisoner who is about to be released may be found to represent a
    substantial danger of physical harm to others, on account of a mental disease or defect, and on
25  this basis committed to a state hospital for a term of one year.  The determination of MDO status
    is made at a court proceeding where the person facing commitment is represented by counsel and,
26  unless waived, is entitled to a jury trial.  See Cal. Penal Code § 2972.  Prior to the expiration of
    the one year commitment, if it is deemed that remission either has not occurred or cannot be
27  maintained without treatment, a further proceeding may be held to determine whether
    recommitment for another one year period is warranted.  Id.
28

2

moot at the expiration of a term of two-year commitment because "it is 'almost certain' that a state detainee . . . will be unable to exhaust state remedies and 'fully litigate' a habeas petition in federal courts within two years."); Townsend, 2014 WL 2197553 at *3 (citing Hubbart) ("Nor is petitioner's attack on his 2011–2012 MDO decision rendered moot simply because he is presently serving an MDO term subsequent to the ones at issue here.  The short duration of each commitment term (one year) deprives petitioner of any realistic chance to have his issues heard in federal habeas.")

Having determined that the instant petition is not necessarily barred as second or successive – unless it is shown that petitioner attacked his current term of commitment in a prior federal habeas proceeding – the court nevertheless proceeds to dismiss the petition based on petitioner's failure to articulate a basis for a grant of federal habeas relief.

Petitioner sets forth the following as his first ground for habeas relief:

> Each and every time I'm up for release, the district attorney, either the same ones or a different set of them, keeps on filing petitions to have me kept in custody; this, I feel, is wrong, seeing as to how I've done jail time, prison time, parole time, and once I was supposed to be released on 11-08-08, then on 11-08-11 also, they block the release; again, this entire thing started 02-19-06 and 10-06-05, I've been in custody since . . . and again . . . every time they play this stupid game with me concerning my freedom . . . one thing is that this farce's gone on too long; why am I, being an African American, still paying  a price for something long-ago paid for back in 2008?  When my so-called "offense" occurred on 10-05-2005?

(sic) (ECF No. 1 at 5).

Petitioner's second ground for habeas relief reads:

> It's on record that I've filed all these writs and I've sued and lost 19 times . . . now it's obvious to me I'm in custody for nothing at all, and that's wrong.  Since I really didn't do anything to be locked up anyway.  And now, I'm pleading my case again before you.

(Id. at 7.)

Neither of the two provisions quoted above articulates a substantive legal basis for federal habeas relief.  Federal habeas relief is available to state prisoners (and civil detainees) only to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Federal habeas relief is not available to retry a state issue that does not meet

3

1  this standard.  Wilson v. Corcoran, 562 U.S. 1 (2010); Estelle v. McGuire, 502 U.S. 62, 67–68

2  (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations

3  on state-law questions.").

4       The habeas petition also omits any specific factual allegations that demonstrate a

5  possibility that petitioner is being held in violation of the United States Constitution, federal laws,

6  or treaties of the United States.  "The [federal habeas] petition is expected to state facts that point

7  to a 'real possibility of constitutional error.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

8  1990) (quoting Blackledge v. Allison, 341 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that

9  are vague or conclusory are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490,

10  491 (9th Cir. 1990) (quoting Blackledge, 431 U.S. at 75).  Rule 4 of the Rules Governing Section

11  2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the

12  petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

13  court. . . ."  Id.

14       Petitioner has also failed to allege that he fully exhausted state court remedies prior to

15  filing the operative petition.  Exhaustion of state court remedies is a prerequisite to the granting of

16  a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it

17  must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of

18  exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion

19  requirement by providing the highest state court with a full and fair opportunity to consider all

20  claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);

21  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

22       Here, petitioner has failed to allege that he presented his habeas claims to the California

23  Supreme Court.  Further, an Internet search reveals only one case, a direct appeal of petitioner's

24  criminal conviction, apparently filed by petitioner in the California Supreme Court.  The petition

25  for review in that matter was summarily denied on June 23, 2010.  See People v. Townsend,

26

---

27  [3] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

28

1   No. S181920 (Cal. Sup. Ct. 2010).  Accordingly, the petition should be dismissed without

2   prejudice for failure to allege that petitioner fully exhausted state court remedies.[4]

3         For the reasons set forth above, IT IS HEREBY ORDERED that:

4         1. Audrey King is substituted as respondent in this matter.

5         2. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted.

6         3. Petitioner's application for writ of habeas corpus is dismissed with leave to file an

7   amended petition within thirty days from the date of this order.  Any amended petition must

8   (i) conform to the requirements of 28 U.S.C. § 2254 and (ii) properly allege that petitioner fully

9   exhausted state court remedies prior to the filing of this matter.  Petitioner is advised that his

10   failure to comply with these requirements will result in dismissal of this matter.

11         4. Any amended petition must bear the case number assigned to this action and the title

12   "First Amended Petition."

13         5. The Clerk of the Court is directed to send petitioner the court's form for application for

14   writ of habeas corpus.

15   Dated:  October 7, 2015

16

17                           KENDALL J. NEWMAN
                             UNITED STATES MAGISTRATE JUDGE

18

19   /town1878.screen

20

21

22

23

24

---

25   [4]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations

26   for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
   will start to run on the date on which the state court judgment became final by the conclusion of

27   direct review or the expiration of time for seeking direct review, although the statute of
   limitations is tolled while a properly filed application for state post-conviction or other collateral

28   review is pending.  28 U.S.C. § 2244(d).