# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

REBIO TOWNSEND,

    Petitioner,

v.

AUDREY KING,

    Respondent.

No. 2:15-cv-1878 KJN P

ORDER

I. Introduction

Petitioner is a civil detainee, proceeding pro se, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner's original petition was dismissed with leave to amend; his amended petition is now before the court.

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" See Rule 4 Governing Section 2254 Cases.

Petitioner again appears to challenge his involuntary commitment to California's state hospital system pursuant to California's Mentally Disordered Offender ("MDO") law, Cal. Penal Code §§ 2970, et seq.[1]  As explained in the court's initial screening order, because a civil commitment under MDO law lasts for a term of one year, and recommitment requires a further judicial proceeding, petitioner's prior application for habeas relief will not bar the instant petition as second or successive under 28 U.S.C. § 2244(b)(3).  (ECF No. 8 at 2, citing Townsend v. King, No. 2:13-cv-00859 GEB GGH, 2014 WL 2197553 (E.D. Cal. May 27, 2014).[2])  Nevertheless, the undersigned finds that petitioner has failed to demonstrate he first exhausted his state court remedies, and has again failed to articulate a basis for a grant of federal habeas relief.  Therefore, the amended petition must be dismissed for the following reasons.

II.  State Court Remedies

First, petitioner fails to demonstrate that he fully exhausted state court remedies as to any cognizable habeas claim prior to filing the amended petition.  Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair

---

[1] Under the MDO law, a state prisoner who is about to be released may be found to represent a substantial danger of physical harm to others, on account of a mental disease or defect, and on this basis committed to a state hospital for a term of one year.  The determination of MDO status is made at a court proceeding where the person facing commitment is represented by counsel and, unless waived, is entitled to a jury trial.  See Cal. Penal Code § 2972.  Prior to the expiration of the one year commitment, if it is deemed that remission either has not occurred or cannot be maintained without treatment, a further proceeding may be held to determine whether recommitment for another one year period is warranted.  Id.

[2] In Case No. 2:13-cv-00859, the district court found that the only "conviction" at issue was the Sacramento 2012 MDO court proceeding in which the state court consolidated the 2011 and 2012 petitions.  (Id., May 27, 2014 Findings and Recommendations (ECF No. 29 at 6).)  The court explained at length the difficulty in determining petitioner's claims, and petitioner's federal habeas petition was dismissed in part and summarily denied in part.  (Id.)  The same difficulties are present in the instant amended petition.

[3] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2

1 opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Here, petitioner does not allege that he timely presented any challenge to a MDO commitment order to the California Supreme Court.  Further, an Internet search of cases filed by petitioner in the California Supreme Court reveals only a direct appeal of petitioner's 2009 MDO commitment, entered in the trial court Case No. F427526, and filed in the California Supreme Court.  See People v. Townsend, No. S181920 (Cal. Sup. Ct. 2009).  The petition for review was summarily denied on June 23, 2010.  Id.  There are no other filings by petitioner in the California Supreme Court.

After reviewing the amended petition, the undersigned finds that petitioner failed to exhaust state court remedies.  No claims have been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the amended petition is dismissed without prejudice.[4]

III.  Failure to State a Cognizable Habeas Claim

Second, petitioner does not identify cognizable habeas claims or attack a particular order of commitment.  Rather, in ground one, petitioner seeks release from custody so that he may leave Sacramento and the State of California.  (ECF No. 9 at 4.)  In ground two, he appears to claim he does not suffer from a mental illness, and contends that he is harassed and lied to constantly.  In his third ground, petitioner claims "there's always one or two guys out to try to force [his] hand in one thing or another by forcing [him] into a showdown of some sort."  (ECF

---

[4] As petitioner was previously cautioned, the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  (ECF No. 8 at 5 n.4.)  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

1  No. 9 at 5.)  In ground four, petitioner states that he's been housed at Coalinga State Hospital for
2  four years, and held for 11 years.  Petitioner appears to also seek monetary damages in the
3  amount of $135,000,000.00.  (ECF No. 9 at 6.)[5]

4  Petitioner's grounds do not articulate a substantive legal basis for federal habeas relief.
5  Federal habeas relief is available to state prisoners (and civil detainees) only to correct violations
6  of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C.
7  § 2254(a).  Federal habeas relief is not available to retry a state issue that does not meet this
8  standard.  Wilson v. Corcoran, 562 U.S. 1 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)
9  ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on
10 state-law questions.").

11 The habeas petition also omits any specific factual allegations that demonstrate a
12 possibility that petitioner is being held in violation of the United States Constitution, federal laws,
13 or treaties of the United States.  "The [federal habeas] petition is expected to state facts that point
14 to a 'real possibility of constitutional error.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
15 1990) (quoting Blackledge v. Allison, 341 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that
16 are vague or conclusory are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490,
17 491 (9th Cir. 1990) (quoting Blackledge, 431 U.S. at 75).

18 The undersigned finds that petitioner failed to allege sufficient facts demonstrating a
19 possible constitutional violation.  After review of his pleadings, it appears that granting further
20 leave to amend would be futile.  Thus, the amended petition is dismissed without prejudice.

21 IV. Conclusion

22 For the reasons set forth above, IT IS HEREBY ORDERED that:

23 1. Petitioner's application for writ of habeas corpus is dismissed without prejudice;

24 ////

25 ////

26

---

27 [5] To the extent that petitioner attempts to challenge the conditions of his confinement, or seeks monetary damages for same, he must pursue such claims through a civil rights complaint under
28 42 U.S.C. § 1983.

4

2. The Clerk of the Court is directed to enter judgment, and to serve a copy of this order together with a copy of the amended petition filed in the instant case on the Attorney General of the State of California; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  October 28, 2016

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/town1878.114

5